# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
# Greenbelt Division

|  |  |
|---|---|
| LAUREN PIERCE<br>5903 Mt. Eagle Drive, Unit 801<br>Alexandria, VA 22303<br>   Plaintiff,<br><br>   v.<br><br>NATIONAL ARCHIVES<br>8601 Adelphi Road<br>College Park, MD 20740<br>   Defendant. | Civil Action No. |

## COMPLAINT

Plaintiff Lauren Pierce ("Plaintiff" or "Ms. Pierce"), by and through her attorneys at the Clark Law Group, PLLC, files this action, following exhaustion of her administrative remedies, and alleges as follows:

## NATURE OF ACTION

1. This is a challenge to the National Archives ("Defendant" or "Agency") unlawful discrimination on the bases of disability and retaliation against Plaintiff for protected activity, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, and the Rehabilitation Act of 1973, 29 U.S.C § 701, *et seq.* ("Rehab Act").

2. To remedy the Defendant's discriminatory conduct, Plaintiff seeks back pay, front pay, compensatory damages, attorneys' fees and costs, injunctive relief, and other equitable relief this Court deems appropriate.

## JURISDICTION AND VENUE

3. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

4. The United States District Court for the District of Maryland has subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of civil rights.

5. The Court has subject-matter jurisdiction pursuant to 42 U.S.C. § 2000e-5(f) as this matter involves a civil action by an aggrieved person under Title VII.

6. The Court has subject-matter jurisdiction pursuant to 29 U.S.C. § 794a(a), as this matter involves a civil action by an aggrieved person under the Rehab Act.

7. The Court has personal jurisdiction over Defendant because Defendant conducts business in the state of Maryland.

8. Venue is properly laid in the Greenbelt Division because the Defendant's unlawful employment actions occurred in the Division.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

9. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

10. On August 17, 2017, Plaintiff made her initial contact with the Agency's EEO office.

11. On November 7, 2017, Plaintiff filed a formal complaint of discrimination based on disability and retaliation, with the Agency.

12. Plaintiff was experiencing physical illness as a result of the mold in the workplace.

13. Plaintiff's supervisors were alerted to the harm she suffered on or about March 27, 2017.

14. Plaintiff initially requested a hearing of her claims after receiving the Agency's Report of Investigation, but later withdrew her hearing request and requested the Agency issue a Final Agency Decision on her claims.

15. On July 2, 2019, the Agency acknowledged that Plaintiff's EEO hearing request had been withdrawn.

16. As of the date of this filing, Plaintiff has not received her Final Agency Decision.

17. Accordingly, Plaintiff has administratively exhausted all procedural requirements under Title VII, the ADA, and Rehab Act and timely filed her claim against Defendant.

18. One hundred and eight-days having passed since submitting her second formal complaint, Plaintiff's claims related to her second formal complaint are deemed exhausted. 29 C.F.R. § 1614.407(b).

## PARTIES

19. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

20. Plaintiff is an employee of Defendant.

21. Defendant is the National Archives. The Agency has more than 500 employees.

## Background

22. Plaintiff is an African-American female, who suffered physical illness due to the Alternaria in the walls and ceiling of the Agency building where she was assigned to work.

23. On March 28, 2017, Plaintiff informed the Agency that she was disabled due to the Alternaria and requested telework.

24. On March 29, 2017, Plaintiff completed and submitted a reasonable accommodation request with the ADA panel of the Agency.

25. Plaintiff requested that she be permitted to telework while undergoing testing related to the illness such as hives and she was suffering because of the Alternaria.

26. Plaintiff's request for telework was denied.

27. On June 13, 2017, Plaintiff requested telework, or permission to work in the Agency's office in the District of Columbia.

28. This request was not immediately responded to.

29. On August 14, 2017, the Agency received a report that Plaintiff's workplace contained Alternaria—a mold.

30. The mold was making Plaintiff ill.

31. On August 29, 2017, the Agency denied Plaintiff's June 13, 2017 accommodation request, stating that it would be ineffective.

32. During this time period, Plaintiff was using accrued leave and leave without pay because of her illnesses.

33. Plaintiff's supervisor harassed Plaintiff for her use of sick leave.

34. In March 2017 and in October 2017 Plaintiff attempted to file for workers' compensation and the Agency blocked the application.

35. Plaintiff began to suffer anxiety because nothing was being done to remove the mold or relieve her from being.

## COUNT I: DISABILITY DISCRIMINATION—FAILURE TO ACCOMMODATE

36. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

37. Plaintiff suffered from an impairment of anxiety as a result of being exposed to a mold that cause her to have rashes and other physical reactions when exposed.

38. Plaintiff sought the accommodation of telework.

39. Plaintiff's supervisor blocked Plaintiff's use of telework.

40. Plaintiff had to use accrued and unpaid leave to relieve herself from the constant exposure to the mold that the Agency had confirmed existed.

41. Defendant did not articulate a hardship to allowing Plaintiff to telework.

42. Defendant did not offer an alternative reasonable accommodation.

43. Defendant's failure to accommodate violated the Rehab Act and Title VII.

## PRAYER FOR RELIEF

Plaintiff respectfully requests that this Court grant the following relief:

A. Entry of judgment in favor of Plaintiff against Defendant;

B. Injunctive relief;

C. Compensatory damages in an amount to be determined at trial;

D. Pre-judgment interest as may be allowed by law;

E. Attorney's fees and costs; and

F. Other such relief as may be appropriate under the Rehab Act and Title VII.

**DEMAND FOR TRIAL BY JURY**

Plaintiff demands a trial by jury on all questions of fact raised by this Complaint.

Dated: September 30, 2019

Respectfully submitted,

/s/ Denise M. Clark
Denise M. Clark (17385)
Clark Law Group, PLLC
1100 Connecticut Ave., N.W.
Suite 920
Washington, D.C. 20036
(202) 293-0015
dmclark@benefitcounsel.com
