UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

LAUREN PIERCE,

    Plaintiff,

    v.

NATIONAL ARCHIVES AND
RECORDS ADMINISTRATION,

    Defendant.

Civil Action No. TDC-19-2876

**MEMORANDUM ORDER**

Plaintiff Lauren Pierce has filed suit against her employer, Defendant the National Archives and Records Administration ("NARA"), asserting claims of disability discrimination and retaliation in violation of the Rehabilitation Act, 29 U.S.C. §§ 701–96l (2018). Pending before the Court is NARA's Motion to Dismiss. Having reviewed the briefs and submitted materials, the Court finds no hearing necessary. *See* D. Md. Local R. 105.6. For the reasons set forth below, the Motion will be DENIED.

**BACKGROUND**

In the Amended Complaint, Pierce asserts that in January 2017, she began to have severe allergic reactions to her office environment as a result of the presence of Alternaria, a type of mold, in the walls and ceilings of the NARA office building in which she worked. That same month, Pierce informally asked for a reasonable accommodation of being permitted to increase her telework hours above her existing schedule of one day of telework per week. In March 2017, Pierce's request was denied, and her approval for telework, including the hours she had been permitted to work prior to her request, was rescinded.

On March 29, 2017, Pierce submitted a formal request for a reasonable accommodation to NARA's Americans with Disabilities Act ("ADA") panel, which was denied the same day. On April 24, 2017, Pierce suffered a severe allergic reaction while at work and was taken to a hospital emergency room by ambulance. In May 2017, Pierce renewed her telework request, but in July 2017 she was informally told that it would be denied. On August 14, 2017, NARA received a report that Pierce's workplace contained Alternaria. Nevertheless, NARA formally denied Pierce's renewed request for a reasonable accommodation on August 29, 2017. Having been denied telework, Pierce used her annual leave, sick leave, and comp time in order to remain out of the office through September and into October 2017.

After NARA reported that it had cleaned Pierce's workplace of the mold, Pierce returned to the office on October 16, 2017, only to again have a severe allergic reaction that required another emergency room trip by ambulance. Pierce again requested a reasonable accommodation of telework, but her request was denied in December 2017. In March 2018, Pierce's supervisor suggested that she move to a new office space. Pierce asked that the new location first be tested for allergens, but, to her knowledge, no such testing was done. To remain out of the office during this period, Pierce again had to use her accumulated leave and ultimately went into leave-without-pay status.

At some point, Pierce again requested to telework, and that request was ultimately granted on April 4, 2018, 16 months after her first, informal request. Pierce transitioned to full time telework in August 2018. She alleges, however, that she was then subjected to additional requirements not imposed on other teleworkers: she was required to submit daily reports, while co-workers were required to submit only weekly reports; her work hours were changed from 6:00 a.m.–2:30 p.m. to 9:00 a.m.–5:00 p.m.; she was required to notify her supervisor and all members

of her work team every time she stepped away from her computer; her evaluation standards were changed from those of a Privacy Specialist to those of an Information Systems Security Specialist; her workload was increased; she was required to complete training during off-duty hours; and she was not permitted to communicate with certain individuals at the office. Pierce also alleges that when she copied her Equal Employment Opportunity representative on emails with her supervisor, her supervisor accused her of violating office policy. On her Fall 2018 performance evaluation, Pierce's supervisor gave her an "unacceptable" rating, which was later amended to "satisfactory" by the Human Resources Department. Am. Compl. ¶¶ 81-82, ECF No. 21-1.

After exhausting administrative remedies, Pierce filed suit in this Court on September 30, 2019 and filed an Amended Complaint on June 24, 2020 alleging four causes of action under the Rehabilitation Act: (1) disability discrimination based on a failure to accommodate; (2) retaliation based on a failure to accommodate; (3) retaliation based on adverse employment actions; and (4) retaliation based on a hostile work environment.

## DISCUSSION

NARA has filed a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) in which it asserts that Pierce has failed to state a plausible claim for relief, on the grounds that (1) Pierce's failure to accommodate claims fail as a matter of law because such claims cannot be based solely on a delay in providing an accommodation, and, in the alternative, Pierce's allegations on this point are insufficient; and (2) Pierce's retaliation claims fail because she has not alleged conduct against her that qualifies as retaliatory action.

**I.    Legal Standards**

To defeat a motion to dismiss under Rule 12(b)(6), the complaint must allege enough facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is

plausible when the facts pleaded allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Legal conclusions or conclusory statements do not suffice. *Id.* A court must examine the complaint as a whole, consider the factual allegations in the complaint as true, and construe the factual allegations in the light most favorable to the plaintiff. *Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Lambeth v. Bd. of Comm'rs of Davidson Cty.*, 407 F.3d 266, 268 (4th Cir. 2005).

Typically, when deciding a motion to dismiss under Rule 12(b)(6), the Court considers only the complaint and any attached documents "integral to the complaint." *Sec'y of State for Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007). With its Motion, NARA has attached several exhibits that it contends are integral to Pierce's Amended Complaint, including one of Pierce's reasonable accommodation requests, two formal denials of her requests, documents relating to air quality surveys of Pierce's office, and emails between Pierce and her supervisor. A document is not "integral to the complaint" when the plaintiff's claims "do not turn on, nor are they otherwise based on, statements contained" in the document. *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016). Although the attached documents are relevant to Pierce's claims, her claims do not turn on, and are not based on, statements in the documents, particularly when Pierce's primary claim is not that her reasonable accommodation was improperly denied, but rather that it was unduly delayed. The Court will therefore resolve the Motion to Dismiss without consideration of the attached documents.

## II.     Reasonable Accommodation

Turning first to Pierce's failure to accommodate claims, Counts I and II, NARA is incorrect in asserting that a failure to accommodate claim cannot be based on a delay in accommodation. While "employers need not immediately implement or accept accommodations proposed by an

employee" and need not move "with maximum speed in addressing a request for accommodations," an "unreasonable delay in providing an accommodation for an employee's known disability can amount to a failure to accommodate." *Farquhar v. McCarthy*, 814 F. App'x 786, 788 (4th Cir. 2020); *see also McCray v. Wilkie*, 966 F.3d 616, 621 (7th Cir. 2020). In making a determination about the unreasonableness of a delay, "[n]o hard and fast rule will suffice." *Crabill v. Charlotte Mecklenburg Bd. of Educ.*, 423 F. App'x 314, 323 (4th Cir. 2011) (quoting *Beck v. Univ. of Wisc. Bd. of Regents*, 75 F.3d 1130, 1135–36) (7th Cir. 1996)). Courts instead consider the length of the delay, the reasons for the delay, whether the employer has offered any alternative accommodations while evaluating a particular request, and whether the employer has acted in good faith. *Selenke v. Med. Imaging of Colo.*, 248 F.3d 1249, 1262–63 (10th Cir. 2001). Where Pierce has alleged that her multiple requests for a reasonable accommodation were repeatedly denied and that it took a period of 16 months before she ultimately received her requested accommodation, she has stated a plausible claim of an unreasonable delay in granting the accommodation. Whether the delay was, in fact, unreasonable is a fact-specific enterprise that must be undertaken. Accordingly, dismissal of the reasonable accommodation claims at this early stage of the case is not warranted.

### III. Retaliation

As for Pierce's retaliation claims in Counts III and IV, to establish a *prima facie* case of retaliation, a plaintiff must establish that (1) the plaintiff engaged in protected activity; (2) the employer acted adversely to the plaintiff; and (3) the protected activity was causally linked to the adverse action. *Rhoads v. FDIC*, 257 F.3d 373, 392 (4th Cir. 2001) (setting the retaliation standard under the ADA); *S.B. ex rel. A.L. v. Bd. of Educ. of Harford Cty.,* 819 F.3d 69, 78 n.6 (4th Cir. 2016) ("[R]etaliation claims under § 504 are subject to the same standard as ADA retaliation

claims."). Contrary to NARA's claim that a retaliation claim must include an "adverse employment action" that "affects the terms, conditions, or benefits of employment," Mot. Dismiss at 10, ECF No. 26, the United States Supreme Court held in 2006 that for a retaliation claim, an act is materially adverse if it "could well dissuade a reasonable worker from making or supporting a charge of discrimination." *Burlington N. & Santa Fe Ry. v. White*, 548 U.S. 53, 57 (2006).

Relying on an incorrect legal standard, NARA asserts that Pierce's allegations of adverse actions constituting retaliation amount only to "non-actionable micromanagement and workplace inconvenience." Mot. Dismiss at 12. Pierce, however, has asserted a series of actions that are than sufficient to the meet the standard of acts that would "dissuade a reasonable worker" from filing a discrimination complaint, particularly her supervisor's actions of increasing her workload, changing her performance review standards from those of a Privacy Specialist to those of an Information Systems Security Specialist, and issuing an unacceptable performance review. *See, e.g.*, *Weintraub v. Mental Health Auth. of St. Mary's, Inc.,* No. DKC–08–2669, 2010 WL 4868095, at *8 (D. Md. Nov.23, 2010) (finding that, on a motion for summary judgment, the plaintiff had established retaliation where in the wake of plaintiff's protected activity, the employer gave the plaintiff a below-average performance review, extended her probationary period, increased her supervision, and compelled her to enter counseling). NARA makes no separate argument relating to the retaliatory hostile work environment claim. The Motion will therefore be denied as to Counts III and IV.

6

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that NARA's Motion to Dismiss, ECF No. 26, is DENIED.  NARA is directed to file an Answer to the Amended Complaint within 14 days of the date of this Order.  Fed. R. Civ. P. 12(a)(4)(A).


Date:  December 23, 2020           /s/ *Theodore D. Chuang*
                                                        THEODORE D. CHUANG
                                                        United States District Judge